IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO
            Plaintiff,

v.                                 CIVIL ACTION NO. RDB-10-1524

RADIO SHACK, et al.
            Defendants.

\*\*\*

## **MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as "Professor" and U.S. Department of Justice" employee, filed this action on June 9, 2010, against a Radio Shack store. His Complaint, which invokes this Court's 28 U.S.C. § 1331 federal question jurisdiction, alleges that:

> "In the month of May 2010 I bought an HP21 Computer Printer Ink Cartridge from Radio Shack and when I put the ink cartridge into the printer the level of ink in the cartridge is empty and because of that I cannot print from the printer. Mrs. Longsworth IyaLekan use Mrs. Vashti to deceive me from receiving a new cartridge and Radio Shack refuse to refund the money I purchase the cartridge. Mrs. Longsworth together with Mrs. Diana and their conspirator are planning to kill me using different method because they have handed over Baltimore County including their police station and courts to Mrs. Diana for killing or destruction even though they known that their action violate 18 U.S.C. Section 50a punishable under 18 U.S.C. Section 228 by death sentence."

Paper No. 1.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00, the replacement of his ink cartridge, and court order punishing Radio Shack employees to life imprisonment and death based on their aggravated circumstances. Although Plaintiff's indigency application contains questionable information, he shall be granted leave to proceed *in forma pauperis*.[1]

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has approximately $200,000.00 accumulated in five separate bank accounts. Paper No. 2.

This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* Complaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. Plaintiff's Complaint and attachments are replete with fanciful and delusional commentary. The action shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: June 11, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

2